IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Shane Matthews, ) | C/A No.: 1:16-3362-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mr. John Magill, Director; Ms. Versie J. ) | |
| Bellamy, Deputy Director; Ms. Holley ) | |
| Scaturo, Program Director; Ms. Cynthia ) | REPORT AND RECOMMENDATION |
| Helff, Program Manager; Ms. Kimberly ) | |
| Poholchuk, Program Coordinator; Ms. ) | |
| Shela Lindsay, Resident Advisor; and ) | |
| P.S.O. Sgt. Gunther, and any other ) | |
| known or unknown actor of the state ) | |
| whom are involved, in their personal ) | |
| and professional capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Mitchell Shane Matthews ("Plaintiff"), proceeding pro se and in forma pauperis, is a civil detainee in the custody of the South Carolina Department of Mental Health ("SCDMH"). He filed this complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. He sues Director Mr. John Magill, Deputy Director Ms. Versie J. Bellamy, Program Director Ms. Holley Scaturo, Program Manager Ms. Cynthia Helff ("Helff"), Program Coordinator Ms. Kimberly Poholchuk ("Poholchuk"), Resident Advisor Ms. Shela Lindsay, and P.S.O. Sgt. Gunther (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff claims security searched his cell on October 17, 2014, and "all paper documents of any kind were taken." [ECF No. 1 at 2]. Plaintiff states that the items in his possession, which included two novels and 11 short stories he authored, were deemed sexually-explicit contraband. *Id.* at 2–4. Plaintiff claims Helff stated, and Poholchuk confirmed, that his novels would be returned because they were not sexually explicit. *Id.* at 2–3. Plaintiff alleges he requested the return of his novels on multiple occasions, but his requests were denied. *Id.* at 3.

Plaintiff admits other items taken were sexually explicit, but claims the items "were created as a part of an assignment for group process" and he was instructed by treatment staff and administration to keep copies of his assignments. *Id.* at 3–4. Plaintiff says his writings, which he claims have the potential to be published and sold for profit, are protected by the United States Constitution. *Id.* at 4–5. Plaintiff argues SCDMH staff lacked the authority to take his personal property. *Id.* at 7. Plaintiff seeks the return of his personal property, to include the two novels and 11 short stories, other injunctive relief, and monetary damages. *Id.* at 9–11.

II.     Discussion

   A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

2

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff asserts Defendants unlawfully confiscated his personal property. [ECF No. 1]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S.

Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a plaintiff may bring an action for recovery of personal property against officials who deprive him of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Because Plaintiff has an adequate state remedy available to address Defendants' alleged improper confiscation of his personal property, his complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

4

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 4, 2016                                         Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).