IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell Shane Matthews,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mr. John Magill, Director; Ms. Versie J. Bellamy, Deputy Director; Ms. Holley Scaturo, Program Director; Ms. Cynthia Helff, Program Manager; Ms. Kimberly Poholchuk, Program Coordinator; Ms. Shela Lindsay, Resident Advisor; and P.S.O. Sgt. Gunther, and any other known or unknown actor of the state whom are involved, in their personal and professional capacity,<br><br>　　　　　Defendants. | Civil Action No. 1:16-3362-BHH<br><br>**<u>ORDER</u>** |

　　　　This matter is before the Court upon Plaintiff's pro se complaint, filed pursuant to 42, U.S.C. § 1983, wherein he alleges that Defendants took his personal property without authority. Specifically, Plaintiff alleges that Defendants took his paper documents from him, including two novels and eleven short stories he authored, which Defendants deemed sexually-explicit contraband. According to Plaintiff, certain Defendants told him that his novels would be returned because they were not sexually explicit, but Plaintiff contends that his requests for their return have been denied.

　　　　In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 4, 2016, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the

Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process.[1]  Specifically, the Magistrate Judge determined that Plaintiff's claim does not amount to a constitutional Due Process claim pursuant to § 1983 because Plaintiff has an adequate state-court remedy under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 through 15-78-220.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that the intentional destruction of the plaintiff's personal property did not violate the Due Process Clause because South Carolina afforded a meaningful post-deprivation remedy for the loss).

On November 17, 2016, Plaintiff filed a motion for delay of action/extension on ruling on the Magistrate Judge's Report, a motion to compel action of "claim and delivery" against Defendants pursuant to S.C. Code § 15-69-10, a motion for the appointment of counsel, and objections to the Magistrate Judge's Report.  After a review of these filings, the Court finds them all without merit.

With respect to Plaintiff's objections, the Court notes that Plaintiff simply reiterates his claim that Defendants took his property in violation of the Due Process Clause, but he does not point to any legal or factual error in the Magistrate Judge's determination that Plaintiff's allegations fail to state a constitutional claim for violation of the Due Process

---

[1] The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Clause because South Carolina offers a meaningful post-deprivation remedy. As the Magistrate Judge noted, Plaintiff may bring an action pursuant to state law for the recovery of personal property against officials who have deprived him of the property without authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code § 15-69-10). Because Plaintiff has an adequate state law remedy to address his claim against Defendants, the Court agrees with the Magistrate Judge that Plaintiff's complaint is subject to summary dismissal. Furthermore, the Court finds no need to delay ruling on the Magistrate Judge's Report, as the Court lacks jurisdiction to order "claim and delivery" pursuant to state law. Lastly, based on the foregoing, the Court finds that Plaintiff is not entitled to the appointment of counsel at this time.

In conclusion, the Court hereby adopts the Magistrate Judge's Report (ECF No. 8); denies Plaintiff's motion for delay/extension on ruling (ECF No. 10); denies Plaintiff's motion to compel "claim and delivery" (ECF No. 11); denies Plaintiff's motion to appoint counsel (ECF No. 12); overrules Plaintiff's objections (ECF No. 13); and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
December 9, 2016